**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **NICHOLAS LOBACZ**, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 13 C 1777 |
| **CITY OF CHICAGO**, | ) ) ) |
| Defendant. | ) |

**MEMORANDUM ORDER**

In purported response to this Court's March 12, 2013 memorandum order ("Order"), counsel for plaintiff Nicholas Lobacz ("Lobacz") has delivered to this Court's chambers a photocopy of the Complaint in Circuit Court of Cook County Case No. 2013 CH 3378. That submission reflects either an absence of thought or an excessive degree of literalism, or perhaps both, on the part of counsel. Just as it is obvious to this Court from the tendered document that this action came to this District Court via removal, it should have been equally obvious to Lobacz' counsel that the Order was issued in ignorance of that fact -- for if this Court had known that this was a removed case, the last sentence of the Order would of course have called for delivery of the notice of removal as well as of the state-court-filed Complaint.[1]

In any event, this Court has obtained a printout of the notice of removal ("Notice"), rather than having to issue a new order (with consequent delay) that directs counsel to comply with

---

[1] Just a moment's thought on the part of counsel would have caused him to realize that this Court, in issuing orders such as the Order here, had to be working from a source that simply identified recent federal cases assigned to this Court's calendar (if it already had the requisite documents, of course it would not have had to request them).

LR 5.2(f).[2] What a review of the Notice reveals is that contrary to the universal requirement that all defendants must join in any notice of removal, in this instance only the City of Chicago's counsel signed the initial Notice.

To be sure, Notice ¶ 2 states:

> Upon information and belief, defendants Evans and Hannah have not received a summons and complaint; nonetheless, they agree to the removal of this action.

That, however, flies in the face of our Court of Appeals' teaching in Roe v. O'Donohue, 38 F. 3d 298, 301 (7th Cir. 1994)[3]:

> The notice of removal stated that "[a]ll other defendants who had been served with summons in this action have stated that they do not object to the removal of this action to federal court." Under ordinary standards, this is deficient. A petition for removal fails unless all defendants join it. *Hanrick v. Hanrick*, 153 U.S. 192, 14 S.Ct. 835, 38 L.Ed. 685 (1894); *Torrence v. Shedd*, 144 U.S. 527, 12 S.Ct. 726, 36 L.Ed. 528 (1892). To "join" a motion is to support it in writing, which the other defendants here did not. *Northern Illinois Gas Co. v. Airco Industrial* Gases, 676 F.2d 270, 272-73 (7th Cir. 1982); *Getty Oil Corp v. Insurance Co. of North America*, 841 F.2d 1254, 1262 n. 11 (5th Cir. 1988).

Here the case docket does not reflect that either of the City's co-defendants -- John Hannah and Samuel Evans, Jr. -- has filed the required written joinder in the removal. Nor, given the docket's silence on the subject, does this Court know whether the 30-day clock has run out on the ability of either or both of them to join in the removal. Accordingly this Court will

---

[2] In fairness to Lobacz' counsel, if this Court had known that this was a removed case it would have targeted the removing defendant's counsel for having failed to comply with LR 5.2(f).

[3] Another aspect of Roe was addressed by the Supreme Court in Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 355 (1999), but that opinion neither questioned nor abrogated the holding quoted in the ensuing text of this opinion.

simply await a prompt input from the litigants on both sides before determining whether a remand to the state court is called for.

                                                                                          _____  
                                                                                           Milton I. Shadur  
                                                                                          Senior United States District Judge

Date: March 15, 2013