```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                        EASTERN DIVISION

NICHOLAS LOBACZ,                 )
                                 )
               Plaintiff,        )
                                 )
     v.                          )     No.  13 C 1777
                                 )
CITY OF CHICAGO, et al.,         )
                                 )
               Defendants.       )
```

## MEMORANDUM ORDER

City of Chicago ("City"), one of the defendants in this multicount action brought by Nicholas Lobacz ("Lobacz"), has noticed up for presentment on April 25 its motion to dismiss Count III, a count based on its asserted violation of the Americans with Disabilities Act ("ADA").  This memorandum order is issued sua sponte because some obvious questions posed by that motion call for further review that could call for the correction (or perhaps even the withdrawal) of the motion.

Lobacz's lawsuit was originally brought in the Circuit Court of Cook County and was then removed to this District Court based on the existence of a federal claim--his ADA claim.  Now City's motion to dismiss that claim has been based on Lobacz's asserted failure to file suit within the 90-day period following his receipt of EEOC's right-to-sue leetter.  Because both Lobacz's Complaint and City's motion may have made possible mistakes in that respect, this memorandum order begins by reviewing the bidding.

To begin with, the right-to-sue letter (an exhibit to City's motion) shows that it was dated November 2, 2012 and appears to indicate that it was sent to Lobacz by mail.[1] Although the date stamp on Lobacz's Circuit Court Complaint (Ex. 1 to City's motion) is so faint as to be almost illegible, enough is visible to indicate a filing on the 4th of a month--most likely February 4--and February 4, 2013 is the typewritten date next to counsel's signature on the last page of the Complaint.

To add to the uncertainty discussed in the preceding paragraph, Complaint ¶17 reads:

> On November 2, 2011 [sic] Mr. Lobacz received a right-to-sue letter Ex. D.

On that score, November 2 may be the right date if Lobacz actually received the right-to-sue letter in person and by hand on the date it was signed. And if that were so, the Count III claim would indeed be untimely.

What is clear from all this is that some further detective work has to be done. It is anticipated that either or both parties will address themselves to that task before the scheduled

---

[1] That is uncertain, but it would be consistent with the handwritten notation on the letter, most likely written by Lobacz, that reads "90 days--Feb. 4, 2013." November 2, 2012 was a Friday, so that the receipt of a notification mailed on that date would not normally have taken place until Monday, November 5 or Tuesday, November 6. Then 90 days from those respective dates would be Saturday, February 2 or Sunday, February 3, 2013--and in either such event, Monday, February 4 would be the operative date.

2

April 25 presentment date for the motion.

_____
                                Milton I. Shadur
                                Senior United States District Judge

Date:  April 16, 2013