**FIRM ID. #36443**

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| NICHOLAS LOBACZ, | ) | |
| | ) | |
| Plaintiff, | ) | No. 13 CV 1777 |
| | ) | |
| v. | ) | Judge Shadur |
| | ) | |
| | ) | Magistrate Judge Rowland |
| THE CITY OF CHICAGO, THE CITY OF CHICAGO HUMAN RESOURCES BOARD, JOHN F. HANNAH, and SAMUEL EVANS, JR. | ) | |
| | ) | |
| Defendants. | | |

**VERIFIED AMENDED COMPLAINT**

1. Plaintiff Nicholas Lobacz is an individual who resides at 6323 W. 64th Place Unit 3D, Chicago, IL.

2. The City of Chicago is a municipal corporation duly organized under the laws of Illinois.

3. At all relevant times, the Human Resources Board of the City of Chicago ("***HRB***") is the entity which, upon request, reviews City of Chicago employee terminations. Its decisions are final.

4. At all relevant times, John F. Hannah was the Chairman of the HRB. Samuel Evans, Jr. was a member of the HRB.

5. This Court has jurisdiction over Count III under 28 U.S.C.§ 1331 and because Defendants removed the lawsuit to this Court on March 7, 2013.

6. This Court has supplemental jurisdiction over Counts I and II under 28 U.S.C. § 1367(a). Moreover, to the extent it might be questioned whether a federal district court can properly review a City of Chicago hearing officer's decision under Illinois law, Defendant have waived such objection by removing this lawsuit to this Court.

7. Venue is proper in this District under 28 USCS § 1391 since Defendants reside in this District and the events giving rise to the claims occurred in this District.

**COUNT I**

Petition for Writ of Certiorari

8. Mr. Lobacz was employed by the City as an operating engineer at O'Hare (from September 2008 until December 2009) and at the Western Avenue pumping station (until his termination in September 2012). Mr. Lobacz was a career service employee and could not be fired without cause.

9. From 1995 to May 2008, Mr. Lobacz rented a small apartment at 6934 W. 16th St., Berwyn, IL (The "***Berwyn Address***") on a month to month basis.

10. His rent included an area of the basement where he ran a small appliance and electronics repair business.

11. In May of 2008, while trying to land a job with the City, Mr. Lobacz, cognizant of the City's residency requirements, entered into a written lease for an apartment at 1476 W. Ohio St., Chicago, IL. (The "***Chicago Address***").

12. He relinquished his apartment in Berwyn and his fiancée, Jamie Terry, moved in and signed a lease. Mr. Lobacz retained his basement space to run his business.

13. Mr. Lobacz intended to, and in fact did, change his domicile from the Berwyn Address to the Chicago Address.

14. The City claims that sometime in 2010 it received an anonymous tip that Mr. Lobacz was not a resident of the City.

15. The City then conducted an investigation of Mr. Lobacz that ran from March 2010 until February 2012 that had the City following him, videotaping him, and digging through trash at both the Chicago and Berwyn addresses.

16. Mr. Lobacz was discharged by the City on September 6, 2012 for allegedly not being a resident of Chicago. He filed a timely appeal of his discharge which was heard by Hearing Officer Angela R. Murphy.

17. Hearing Officer Murphy concluded that the City failed to meet its burden of proof that Mr. Lobacz was not a resident of Chicago. Her decision, explaining her reasoning and detailing the evidence presented by both sides, is attached as **Exhibit A** (sans exhibits).

18. In spite of Hearing Officer Murphy's recommendation, the HRB voted to sustain the discharge of Mr. Lobacz. HRB Chairman John F. Hannah (a pastor and radio talk show host) and HRB member Samuel Evans, Jr. (background unknown) voted in favor of the City, but HRB member Enrico Mirabelli (a prominent attorney) dissented, voting to reinstate Mr. Lobacz with back pay. The HRB's decision is attached as **Exhibit B.**

19. On October 29, 2012, Mr. Lobacz filed a Charge of Discrimination against the City alleging that the City had discriminated against him and retaliated against him for filing a worker's compensation claim. The Charge is attached as **Exhibit C.**

20. On November 2, 2012, the EEOC issued a Right to Sue letter. **Exhibit D**. Mr. Lobacz received the Right to Sue letter by regular mail on or after November 5, 2012.

21. The initial Complaint in this matter was filed in the Circuit Court of Cook County on February 4, 2013, as confirmed by a dated receipt for the filing fee for the case attached as **Exhibit E**.

22. Mr. Lobacz requests a judicial review of the HRB's decision because the decision is contrary to the manifest weight of the evidence and was arbitrary, capricious and an abuse of discretion.

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Issue a writ of certiorari requiring the HUMAN RESOURCES BOARD OF THE CITY OF CHICAGO to submit the records of its proceedings and decision in connection with Plaintiff's discharge to this Court for review;

B. Set aside the HUMAN RESOURCES BOARD OF THE CITY OF CHICAGO'S findings and decision as contrary to law and evidence;

C. Issue an order requiring the CITY OF CHICAGO to reinstate Plaintiff with all seniority rights that he would have accrued at the time of judgment but for the wrongful discharge, and requiring the CITY OF CHICAGO to award Plaintiff back-pay and back benefits;

D. Award Plaintiff attorneys' fees and costs; and

E. For such other and further relief as this Court deems equitable and just.

**COUNT II**

Retaliation
(City of Chicago Only)

23. Plaintiff reincorporates paragraphs 1 through 22.

24. Mr. Lobacz filed a worker's compensation claim while employed by the City.

25. The City's real reasons for conducting an extensive investigation and terminating him include retaliation for filing a worker's compensation claim.

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Issue an order requiring the CITY OF CHICAGO to reinstate Plaintiff with all seniority rights that he would have accrued at the time of judgment but for the wrongful discharge, and requiring the CITY OF CHICAGO to award Plaintiff back-pay and back benefits;

B. Award Plaintiff attorney fees and costs; and

C. For such other and further relief as this Court deems equitable and just.

## COUNT III

Violation of Americans with Disabilities Act
(City of Chicago Only)

26. Plaintiff reincorporates paragraphs 1 through 25.

27. The City's real reasons for conducting an extensive investigation and terminating him include discrimination against him for a disability: arthritis.

28. The City was aware that Mr. Lobacz had arthritis.

29. The arthritis did not adversely affect Mr. Lobacz' job performance or predispose him to injury.

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Issue an order requiring the CITY OF CHICAGO to reinstate Plaintiff with all seniority rights that he would have accrued at the time of judgment but for the wrongful discharge, and requiring the CITY OF CHICAGO to award Plaintiff back-pay and back benefits;

B. Award Plaintiff attorneys' fees and costs; and

C. For such other and further relief as this Court deems equitable and just.

Respectfully Submitted,

**Nicholas Lobacz**

Dated: April 19, 2013

by:______________________
Wesley E. Johnson
One of His Attorneys

Wesley E. Johnson (6225257)
GOODMAN TOVROV HARDY & JOHNSON LLC
105 W. Madison, Suite 1500
Chicago, IL 60602
(312) 752-4828
Fax: (312) 264-2535
wjohnson@wesleyjohnsonlaw.com

Verification

I, Nicholas Lobacz, declare under penalty of perjury that the facts alleged in the foregoing Verified Amended Complaint are true and correct.

Executed on: 4/19/13

Nicholas Lobacz