UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NICHOLAS LOBACZ, | ) | |
| | ) | |
| Plaintiff, | ) | No. 13 CV 1777 |
| v. | ) | |
| | ) | Judge Shadur |
| THE CITY OF CHICAGO, | ) | |
| THE CITY OF CHICAGO HUMAN | ) | Magistrate Judge Rowland |
| RESOURCES BOARD, JOHN F. HANNAH, | ) | |
| and SAMUEL EVANS, JR. | ) | |
| | ) | |
| Defendants. | ) | |

**CITY OF CHICAGO'S ANSWER TO THE VERIFIED AMENDED COMPLAINT**

Defendant City of Chicago, by its attorney Stephen R. Patton, Corporation Counsel of the City of Chicago, hereby answers the plaintiff's "Verified Amended Complaint" as follows:

1. Plaintiff Nicholas Lobacz is an individual who resides at 6323 W. 64th Place Unit 3D, Chicago, IL.

**ANSWER:**

The City lacks sufficient knowledge or information to form a belief about the truth of the allegations found in this paragraph.

2. The City of Chicago is a municipal corporation duly organized under the laws of Illinois.

**ANSWER:**

The City admits the allegations of this paragraph.

3. At all relevant times, the Human Resources Board of the City of Chicago ("***HRB***") is the entity which, upon request, reviews City of Chicago employee terminations. Its decisions are final.

**ANSWER:**

The City admits the allegations of this paragraph.

4. At all relevant times, John F. Hannah was the Chairman of the HRB. Samuel Evans, Jr. was a member of the HRB.

**ANSWER:**

The City admits the allegations of this paragraph.

5. This Court has jurisdiction over Count III under 28 U.S.C.§ 1331 and because Defendants removed the lawsuit to this Court on March 7, 2013.

**ANSWER:**

The City admits the allegations of this paragraph.

6. This Court has supplemental jurisdiction over Counts I and II under 28 U.S.C. § 1367(a). Moreover, to the extent it might be questioned whether a federal district court can properly review a City of Chicago hearing officer's decision under Illinois law, Defendant have waived such objection by removing this lawsuit to this Court.

**ANSWER:**

The City admits that the court has supplemental jurisdiction over Counts I and II. The City denies the remaining allegations of this paragraph, since the City, through waiver or otherwise, cannot unilaterally confer jurisdiction upon a district court.

7. Venue is proper in this District under 28 USCS § 1391 since Defendants reside in this District and the events giving rise to the claims occurred in this District.

**ANSWER:**

City admits that venue is proper.

## COUNT I
## Petition for Writ of Certiorari

8. Mr. Lobacz was employed by the City as an operating engineer at O'Hare (from September 2008 until December 2009) and at the Western Avenue pumping station (until his termination in September 2012). Mr. Lobacz was a career service employee and could not be fired without cause.

**ANSWER:**

City admits that the City's Department of Aviation hired plaintiff as an operating engineer, Class C, on July 28, 2008 and terminated him as part of a reduction in force on July 15, 2009. The Department of Water Management hired plaintiff as an operating engineer, Group C, on about December 16, 2009. After receiving the results of the Inspector General's investigation into plaintiff's residency, the Department of Water Management terminated plaintiff for cause on September 6, 2012. Plaintiff was a career service employee and was subject to the residency requirements imposed by the Chicago Municipal Code. The City denies the remaining allegations of this paragraph.

9. From 1995 to May 2008, Mr. Lobacz rented a small apartment at 6934 W. 16th St., Berwyn, IL (The "***Berwyn Address***") on a month to month basis.

**ANSWER:**

The City admits that for some period of time, plaintiff occupied an apartment at 6934 West 16th Street in Berwyn, Illinois. The City lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations found in this paragraph.

10. His rent included an area of the basement where he ran a small appliance and electronics repair business.

**ANSWER:**

The City lacks sufficient knowledge or information to form a belief about the truth of the allegations found in this paragraph.

11. In May of 2008, while trying to land a job with the City, Mr. Lobacz, cognizant of the City's residency requirements, entered into a written lease for an apartment at 1476 W. Ohio St., Chicago, IL. (The "***Chicago Address***").

**ANSWER:**

The City lacks sufficient knowledge or information to form a belief about the truth of the allegations found in this paragraph.

12. He relinquished his apartment in Berwyn and his fiancee, Jamie Terry, moved in and signed a lease. Mr. Lobacz retained his basement space to run his business.

**ANSWER:**

The City denies that plaintiff relinquished his apartment in Berwyn. The evidence compiled during the course of an investigation by the City of Chicago's Office of the Inspector General demonstrates that plaintiff maintained his residence in Berwyn. The City lacks sufficient

knowledge or information to form a belief about the truth of the remaining allegations found in this paragraph.

13. Mr. Lobacz intended to, and in fact did, change his domicile from the Berwyn Address to the Chicago Address.

**ANSWER:**

The City denies the allegations found in this paragraph.

14. The City claims that sometime in 2010 it received an anonymous tip that Mr. Lobacz was not a resident of the City.

**ANSWER:**

The City admits the allegations of this paragraph.

15. The City then conducted an investigation of Mr. Lobacz that ran from March 2010 until February 2012 that had the City following him, videotaping him, and digging through trash at both the Chicago and Berwyn addresses.

**ANSWER:**

The City admits that its Office of Inspector General investigated the plaintiff's residency and conducted surveillance on plaintiff between March and December 2011. The evidence compiled by the investigators included video tapes and records obtained from his trash. The City denies the remaining allegations of this paragraph.

16. Mr. Lobacz was discharged by the City on September 6, 2012 for allegedly not being a resident of Chicago. He filed a timely appeal of his discharge which was heard by Hearing Officer Angela R. Murphy.

**ANSWER:**

The City admits the allegations of this paragraph.

17. Hearing Officer Murphy concluded that the City failed to meet its burden of proof that Mr. Lobacz was not a resident of Chicago. Her decision, explaining her reasoning and detailing the evidence presented by both sides, is attached as **Exhibit A** (sans exhibits).

**ANSWER:**

The City admits the allegations of this paragraph. The City denies that Hearing Officer Murphy had the authority to issue a final binding decision on behalf of the City of Chicago.

18. In spite of Hearing Officer Murphy's recommendation, the HRB voted to sustain the discharge of Mr. Lobacz. HRB Chairman John F. Hannah (a pastor and radio talk show host) and HRB member Samuel Evans, Jr. (background unknown) voted in favor of the City, but HRB member Enrico Mirabelli (a prominent attorney) dissented, voting to reinstate Mr. Lobacz with back pay. The HRB' s decision is attached as **Exhibit B**.

**ANSWER:**

The City admits that the Human Resources Board members, duly appointed by the Mayor of the City of Chicago and acting pursuant to the authority vested in them by the City of Chicago's Municipal Code, heard the evidence relating to plaintiff and, by a 2-1 decision, voted to terminate his employment with the City of Chicago due to his failure to comply with the residency requirement.

19. On October 29, 2012, Mr. Lobacz filed a Charge of Discrimination against the City alleging that the City had discriminated against him and retaliated against him for filing a worker's compensation claim. The Charge is attached as **Exhibit C**.

**ANSWER:**

The City admits that plaintiff filed a Charge of Discrimination against the City with the Illinois Department of Human Rights on about October 29, 2012. The Charge, which is attached as Exhibit C to the Verified Amended Complaint, claims that the City discriminated against plaintiff based a disability and retaliated against him for filing a worker's compensation claim. The City denies the remaining allegations of this paragraph.

20. On November 2, 2012, the EEOC issued a Right to Sue letter. **Exhibit D**. Mr. Lobacz received the Right to Sue letter by regular mail on or after November 5, 2012.

**ANSWER:**

The City admits that plaintiff received a right to sue letter bearing the date of November 2, 2012. The City lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations found in this paragraph.

21. The initial Complaint in this matter was filed in the Circuit Court of Cook County on February 4, 2013, as confirmed by a dated receipt for the filing fee for the case attached as **Exhibit E**.

**ANSWER:**

The City admits the allegations of this paragraph.

22. Mr. Lobacz requests a judicial review of the HRB's decision because the decision is contrary to the manifest weight of the evidence and was arbitrary, capricious and an abuse of discretion.

**ANSWER:**

The City denies the allegations of this paragraph.

**COUNT II**
**Retaliation (City of Chicago Only)**

23. Plaintiff reincorporates paragraphs 1 through 22.

**ANSWER:**

The City incorporates its answers to paragraphs 1 through 22.

24. Mr. Lobacz filed a worker's compensation claim while employed by the City.

**ANSWER:**

The City admits the allegations of this paragraph.

25. The City's real reasons for conducting an extensive investigation and terminating him include retaliation for filing a worker's compensation claim.

**ANSWER:**

The City denies the allegations of this paragraph.

**COUNT III**
**Violation of Americans with Disabilities Act (City of Chicago Only)**

26. Plaintiff reincorporates paragraphs 1 through 25.

**ANSWER:**

The City incorporates its answers to paragraphs 1 through 25.

27. The City's real reasons for conducting an extensive investigation and terminating him include discrimination against him for a disability: arthritis.

**ANSWER:**

The City denies the allegations of this paragraph.

28. The City was aware that Mr. Lobacz had arthritis.

**ANSWER:**

The City denies the allegations of this paragraph.

29. The arthritis did not adversely affect Mr. Lobacz' job performance or predispose him to injury.

**ANSWER:**

The City lacks sufficient knowledge or information to form a belief about the truth of the allegations found in this paragraph.

**AFFIRMATIVE DEFENSES**

1. Any matters in Plaintiff's Complaint that are not within the scope of Plaintiff's IDHR/EEOC charge are barred for failing to meet the administrative prerequisites for suit under Title VII.

2. All allegations supporting Plaintiff's discrimination claim that occurred more than 300 days before Plaintiff filed her IDHR/EEOC charge are untimely and time-barred.

3. To the extent that plaintiff failed to comply with the 90 day period specified in his right to sue letter, dated November 2, 2012, his claims are untimely and time-barred. 42 U.S.C.§12117(a); 42 U.S.C §2000(e)(5)(f)(1).

4. To the extent that Plaintiff has failed to make reasonable efforts to mitigate his alleged damages, he is not entitled to an award of damages.

The City demand trial by Jury.

Respectfully submitted,

STEPHEN R. PATTON
Corporation Counsel of the
City of Chicago

BY: s/ J. Ernest Mincy
J. ERNEST MINCY
Chief Assistant Corporation Counsel

Employment Litigation Division
30 North LaSalle Street, Room 1020
Chicago, Illinois 60602
(312) 742-0094